IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ROBERT ANDRE CLAY,<br><br>Defendant. | No. 3:06-cr-0605-JAJ-TJS<br><br>**ORDER** |

This matter comes before the court pursuant to a motion filed by defendant pursuant to 18 U.S.C. § 3582(c)(1)(A), seeking a modification of the term of his imprisonment to time served and commencement of a term of supervised release previously imposed, or, in the alternative, for judicial transfer to home confinement. The Court finds:

1. Defendant was sentenced on April 28, 2008, in the United States District Court for the Southern District of Iowa, to a 240-month term of imprisonment followed by a 3-year term of supervised release. [Dkt. 61]

2. Defendant claims that he should receive compassionate release under 18 U.S.C. § 3582(c)(1)(A), to be with his family during the ongoing COVID-19 pandemic.

3. Title 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018 (FSA), Pub. L. No. 115-391, 132 Stat. 5194 (2018), now authorizes the Court to modify a term of imprisonment upon a finding that extraordinary and compelling reasons warrant the reduction. Compassionate release is not mandatory, even if the court finds an "extraordinary and compelling reason," however. *See, e.g., United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020). Instead, whether to grant such a reduction involves a 4-step analytical scheme, considering the following issues in succession: (1) timing or satisfaction of administrative requirements, *see* 18 U.S.C. § 3582(c)(1)(A); (2) extraordinary or compelling reasons, *see id.* at 3582(c)(1)(A)(i); (3) lack of danger to any other person or the community, *see* U.S.S.G. § 1.B.1.13 (applicable policy statement); and (4) § 3553(a) factors,

18 U.S.C. § 3582(c)(1)(A).  *Cf. Chambliss*, 948 F.3d at 692-94.

        A.    At the first step, the administrative exhaustion requirement is satisfied [1] if "the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," or [2] there has been a "lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, *whichever is earlier*."  18 U.S.C. § 3582(c)(1)(A) (emphasis added).  Some courts consider this exhaustion requirement to be a claim-processing rule subject to possible equitable tolling, but most consider it jurisdictional or otherwise mandatory.  *Compare, e.g., United States v. Smith*, No. 12 CR. 133 (JFK), 2020 WL 1849748, at *3 (S.D.N.Y. Apr. 13, 2020) (exhaustion is non-jurisdictional), *with, e.g., United States v. Lugo*, No. 2:19-CR-00056-JAW, 2020 WL 1821010, at *3 (D. Me. Apr. 10, 2020) (even if the exhaustion requirement was not jurisdiction, it was "both clear and mandatory," so that the court could not read an exception into it); *United States v. Johnson*, No. RDC-14-0441, 2020 WL 1663360, at *3–6 (D. Md. Apr. 3, 2020) (concluding that § 3582(c)(1)(A)'s exhaustion requirement is jurisdictional and, regardless, there are no exceptions to the exhaustion requirement).

        B.    At the second step of the analysis, the defendant must show "extraordinary and compelling reasons" warranting a reduction.  Section 3582(c)(1) does not define such reasons.  The Sentencing Guidelines do identify such reasons in U.S.S.G. § 1B1.13, cmt. n.1, however. A defendant's family circumstances only constitute "extraordinary and compelling reasons" when defendant has experienced either "(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children. [or] (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." *Id.*

        C.    At the third step, compassionate release is appropriate only where "the defendant is not a danger to the safety of any other person or to the community, as

provided in 18 U.S.C. § 3142(g)[.]" U.S.S.G. § 1B1.13(2); *see also United States v. Schmitt*, No. CR12-4076-LTS, 2020 WL 96904, at *5 (N.D. Iowa Jan. 8, 2020) (setting out the § 3142(g) factors).

        D.    If all the preceding requirements have been satisfied, at the fourth step, the court "consider[s] the factors set forth in section 3553(a) to the extent that they are applicable." 28 U.S.C. § 3852(c)(1)(A). The court must provide reasons for its determination based on consideration of the § 3553(a) factors. *Chambliss*, 948 F.3d at 693.

        4.    Here, the Government does not argue that defendant failed to exhaust administrative remedies, so the Court will consider such an argument to be waived. However, defendant fails to demonstrate that his family conditions constitute extraordinary and compelling reasons for his release. Defendant has not alleged the death or incapacitation of any family member that would render him eligible for compassionate release based on family circumstances.

        5.    After consideration of all defendant's arguments, the Court concludes that defendant has not satisfied the requirements for compassionate release under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018.

        6.    In the alternative, defendant argues this Court should order that he be transferred to home confinement. The Courts do not have the power to determine where a federal prisoner will serve his sentence. Only the executive may make this decision. *See* 18 U.S.C. § 3621(b); *United States v. Johnson*, 563 F. 2d 362, 364 (8th Cir. 1977). As relevant here, 18 U.S.C. § 3624 grants the BOP the authority to place prisoners in home confinement toward the end of their sentences. 18 U.S.C. § 3624(c)(2). Congress expanded the BOP's power to grant home confinement in the CARES Act. *See* Coronavirus Aid, Relief, and Economic Security ("CARES") Act, Pub. L No. 116-136, § 12003(b)(2). But neither § 3624 nor the CARES Act vest this power in the Courts. Because Congress has not vested the Courts with the power to transfer a prisoner to home confinement, they do not have it. Therefore, this Court cannot grant defendant's motion for transfer to home confinement.

7. Even if this Court had the power to order defendant transferred to home confinement, it would decline to do so in the exercise of discretion. At sentencing, the Court may recommend a defendant serve in a particular facility. 18 U.S.C. § 3621. In making this recommendation, the Court is able to consider defendant's PSR, allocution (if any), and arguments by counsel at the sentencing hearing. However, once a defendant has been incarcerated, the Court no longer has detailed information regarding the defendant's personal circumstances and needs, including how defendant adjusts to incarceration and any rehabilitative programing he has participated in. It is, instead, the Bureau of Prisons that has the information and expertise necessary to make an appropriate housing decision. Even if the Court had the ability to grant a motion for home confinement, it would decline to do so in deference to the BOP's decision-making regarding appropriate conditions of confinement.

**IT IS THEREFORE ORDERED** that the June 2, 2020, Motion for Compassionate Release [Dkt. 98] is denied.

**DATED** this 10th day of September, 2020.

JOHN A. JARVEY, Chief Judge
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA